# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **MICHAEL PERALES** § § *Plaintiff*, § § **v.** § § **NATIONAL FLEET REPAIR SOLUTIONS, LLC** § § *Defendant*. § § § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Perales ("Plaintiff" or "Perales"), files this Original Complaint against Defendant National Fleet Repair Solutions, LLC (referred to as "Defendant" or "NFRS"), for violating state and federal law. The cause of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Michael Perales is currently a citizen and resident of the State of Texas.

2. Defendant National Fleet Repair Solutions, LLC is a corporation, authorized to do business, and is doing business, in the State of Texas. It can be served through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391, as the events forming the basis of suit occurred in Dallas County, Texas.

## II. FACTUAL BACKGROUND

4. Perales was formerly employed by NFRS as a lead painter in Irving, Texas.

5. Perales is a non-Caucasian male, having skin color and physical features that would place him in the commonly referred to classification of "Hispanic" or "Latino." He possesses distinct racial features and ethnic characteristics that are different from Caucasian or "white" Americans.

6. During his employment with Defendant, Perales, (and other Hispanic employees), was subjected to unlawful discrimination/harassment based on his race/national origin.

7. Management, which consisted of Caucasian men, treated Perales and other minority employees differently than Caucasian employees. For example, Caucasian employees with less experience were paid at a higher rate of pay than Hispanic employees, including Perales. Hourly-paid Caucasian employees were allowed to come in late or leave early, but were still paid for a full 40-hour workweek, while Perales and minority employees were not. Additionally, Hispanic and minority employees were also required to work in unsafe work conditions, while Caucasian employees were never required to do the same unsafe tasks.

8. Perales' managers also made derogatory comments about minority employees on a regular and consistent basis, including, but not limited to, mocking Mexican accents, stating "Mexican's don't know shit," saying that they would hire Mexicans because of "quality work and less pay," and referring to a black and Hispanic employee as a "mutt."

9. Perales made numerous attempts to report the discrimination and hostile work environment to the director of the company, but he was ignored. On September 2, 2020, Perales reported the discrimination and hostile work environment to Human Resources at Defendant's corporate office. On September 10, 2020, management terminated Perales' employment citing false and exaggerated reasons for his termination.

### III. CAUSES OF ACTION:
### VIOLATION OF TITLE VII, TCHRA, & 42 U.S.C. 1981

10. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq*. ("Title VII"), 42 U.S.C. §1981, and 42 U.S.C. §1981(a), and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE. §§ 21.001 *et. seq.*

12. Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") against Defendant on or about November 3, 2020, alleging discrimination, hostile work environment, and retaliation. Plaintiff received a Notice of Right to Sue from the EEOC on June 23, 2021. This lawsuit was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" issued by the EEOC. This action is also being commenced within the required time limits of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE. §§ 21.001 *et. seq.*, in that (a) the charge was filed with the TWC within 180 days of the actions being complained of in this lawsuit, and (b) this action is being filed more than 180 days – but less than two years – after the charge was filed with the TWC.

13. Defendant is considered to be an "employer" as defined by Title VII, the TCHRA and §1981.

14. Plaintiff is considered to be an "employee" as defined by Title VII, the TCHRA and §1981.

15. Plaintiff's claims of discrimination, and/or retaliation pursuant to contract under 42 U.S.C. §1981 and 42 U.S.C. §1981(a), are brought pursuant to the requirements and obligations of those statutes and 42 U.S.C. §1983.

16. During the time that Plaintiff was employed by Defendant, he was subjected to severe or pervasive racial harassment, disparate treatment, and retaliation, as defined by Title VII, the TCHRA and §1981.

17. These actions created a hostile-work environment, affected the terms and conditions of Plaintiff's employment, and ultimately led to his termination by Defendant.

18. As described above, Defendant intentionally and willfully violated Title VII, the TCHRA, and §1981 by subjecting Plaintiff to racial harassment, disparate treatment, and retaliation because he engaged in protected activity as described by Title VII, the TCHRA, and §1981.

19. Defendant does not have adequate policies or procedures in place to address the harassment, discrimination, or retaliation, nor did they implement prompt remedial measures.

20. As a result of Defendant's violations of Title VII, the TCHRA, and §1981., (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits. Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

21. As a result of the willful and intentional violations of Title VII, the TCHRA, and §1981, Plaintiff requests that he be awarded all actual, compensatory, and punitive damages to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## IV. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff has judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits, the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of Title VII, the TCHRA, and §1981., including injunctive relief;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees and other costs; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

*/s/ Megan Dixon*
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**BRAZIEL | DIXON, LLP**
1910 Pacific Ave. Ste. 12000
Box 220
Dallas, Texas 75201
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEY FOR PLAINTIFF**